# FREDERICK E. RADCLIFF *et al.*

## *v.*

## EBENEZER NOYES.

1. SERVICE — *process* — *publication* — *appearance.* The object of service of process, or publication, is to bring parties before the court. Where all of the defendants in a suit appear and consent to a change of venue, it is immaterial whether they have been served or publication has been made, as they are in court by appearance. Where the record recites that the parties came by their solicitors it will be presumed that all, and not a part only, of the parties entered their appearance, as well those not, as those who had been served.

2. CHANGE OF VENUE — *jurisdiction.* In such a case the court, to which the venue is changed by consent of the parties, acquires jurisdiction to try the cause.

3. BILL — *proper parties.* Where it appears that a person executed a deed of conveyance of a lot of ground to two railway companies, but the deed was delivered to a third person who still held it, and there is nothing besides to indicate that these corporations had purchased the property, paid any consideration, or procured the execution of the deed, inasmuch as the deed was never delivered it will not be presumed that these bodies have any interest in the premises, and they are not necessary parties.

4. Where it appears that mechanics and others have liens on the premises for labor, and materials furnished for the erection of a building thereon, and that they had obtained decrees for the same; in a proceeding to cancel a bond for title, held by the person who employed the labor and procured the materials, — *Held*, that the mechanics and material men were indispensable parties to the bill.

5. Nor is the necessity obviated by an offer on the part of complainant to convey the ground on which the house so erected stands, to the mechanics and material men, as they had a right to be heard as to the extent of their lien. In such a case, on canceling the bond, it is error to render a decree that all persons in possession shall surrender it to complainant, as persons might have been in under the decrees enforcing the mechanics' lien.

WRIT OF ERROR to the Circuit Court of Montgomery county; the Hon. CHARLES EMERSON, Judge, presiding.

This was a bill in chancery, filed by Ebenezer Noyes, in the Coles Circuit Court, against Frederick E. Radcliff, David V. N. Radcliff, William Wyman, the Illinois Central Railroad company, and the Terre Haute and Alton Railroad company.

The object of the bill was to set aside a deed executed by complainant to the two railroad companies, and delivered to Frederick E. Radcliff, for a part of a block of ground, situated in the town of Mattoon, Illinois; also, a deed of conveyance for the same premises, made by complainant to David V. N. Radcliff, and delivered to Frederick E. Radcliff, on the grounds that these deeds were obtained from complainant by false and fraudulent representations made by Frederick E. Radcliff, and that no consideration was paid for either conveyance. The bill also alleges, that complainant had previously given to Frederick E. Radcliff, a bond for a conveyance, upon his erecting certain improvements on the block of ground, and the payment of $300. That to procure these deeds he falsely represented, that the railroad companies and David V. N. Radcliff would advance him money to erect the building if these deeds were executed; that David V. N. Radcliff had, for the purpose of defrauding complainant, conveyed the premises to William Wyman for the nominal consideration of five dollars; that he purchased with notice. The bill alleges, that a brick building had been erected and partly finished on the block, and

that divers persons had furnished labor and material therefor, and had obtained a decree for the sale of the premises to satisfy their liens. And complainant offers to convey the portion of the ground upon which the building had been erected, and which had been purchased under the decree. The bill prays, that Frederick be decreed to surrender the agreement, and that the deeds be canceled.

The venue was afterward changed to Shelby county, because the judge had been of counsel in the case; and by agreement of the parties the venue was again changed to Montgomery county.

The bill was taken as confessed against all of the defendants but Wyman. A hearing was had on the bill, amended bill, the answer and amended answer of Wyman, *pro confesso* orders and proofs. The bill was dismissed as to the railroad companies. The relief sought by the bill was granted against the other defendants, and a decree rendered in accordance with the prayer of the bill. To reverse which, defendants prosecute this writ of error.

Messrs. PALMER & HAY, for the plaintiffs in error.

Mr. JOHN SCHOLFIELD, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

When the solicitors for plaintiffs in error entered their appearance, and agreed to the change of venue in the case, the service of process or the requisite publication of notice of the pendency of the suit became unnecessary. The purpose of service or publication is to bring parties before the court. But when they voluntarily enter their appearance, service or publication is thereby rendered entirely unnecessary. The language of the stipulation is broad enough to embrace, and does embrace, all of the defendants to the suit. It says the parties came by their solicitors. It does not state that only a portion of the parties came, but fails in any mode to limit the number. If

not previously in court, plaintiffs in error then entered their appearance, and this renders any consideration of the sufficiency of the publication unnecessary.

This also disposes of the objection that the Circuit Court of Montgomery county failed to acquire jurisdiction by the order changing the venue of the case. If the parties were all in court, and we have seen they were, it must be held that the order of the Shelby Circuit Court changing the venue, based upon the consent of the parties, was binding, and fully conferred jurisdiction on the Circuit Court of Montgomery county.

It is insisted that this bill is defective for the want of proper parties. It appears from the allegations in the bill, that complainant had been induced by the false and fraudulent representations of Radcliff to convey the premises, in the winter of 1857, to the Illinois Central and the Terre Haute, Alton and St. Louis Railroad companies. That Radcliff afterward induced complainant by fraud, in April, 1857, to again convey them to David V. N. Radcliff, which deed he delivered to Frederick E. Radcliff. That in October, 1858, David V. N. Radcliff conveyed the premises to Wyman for the nominal consideration of five dollars, with the intent of defrauding complainant. The bill was dismissed as to the railroad companies. It is urged that from these allegations it is apparent that these corporations were necessary parties.

If it had appeared that the deed had been delivered to these roads or to their agent, then there would be force in the objection. But the bill alleges, that it was delivered to Frederick E. Radcliff, and that he refused to return it to complainant, but held it as a cloud on his title. The default against these companies operated as an admission of the truth of these allegations, and they certainly fail to show that these bodies had any interest in the premises. And no part of the record denies these allegations or sets up or discloses facts showing any interest in these corporate bodies.

It is again insisted, that the bill discloses the fact that other parties had liens on the property. It appears that their liens were created for work and labor performed and materials fur-

21 — 43D ILL.

nished in erecting the building on the premises, and that they arose out of contracts made with Frederick E. Radcliff. And if so, this was under claim of an interest in the premises, derived through and held under Radcliff, and which operated upon and attached to the title flowing from the defendant in error. These liens, then, bound his title to the premises, and having an interest in the subject matter of the suit, they were necessary parties. Had the liens been created under, and had they attached to an independent adverse title, it would have, no doubt, been otherwise.

It is not an answer to say, that defendant offered in his bill to convey so much of the ground as the house upon which the labor was performed and to which the materials were furnished, occupied. They had a right to be heard as to the extent of their liens and in the determination of that question. But even if the court could have determined the extent of the liens, in the absence of these persons as parties, still the decree is erroneous in decreeing the possession of the entire premises to defendant in error, and that any person occupying the same or any portion of it should surrender to defendant in error. He had disclosed the fact that other persons had such liens, and that they had obtained decrees for their enforcement. And for ought that appears, these persons may have purchased under these decrees and been in possession, by virtue of the sale to satisfy the liens. The court below did not ascertain what portion of the property defendant in error should convey to persons holding these liens, as he, in his bill, had offered; but decrees the possession of the entire block to him. For the want of proper parties the decree of the court below must be reversed and the cause remanded, with leave to amend.

*Decree reversed.*